# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE  DIVISION

## CIVIL NO. 1:08CV199-02
## (1:06CR30-01)


| | | |
|---|---|---|
| **BILLY JOE SANDERS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **O R D E R** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |


  **THIS MATTER** is before the Court on Petitioner's motion for a new

trial pursuant to Rule 59 of the Federal Rules of Civil Procedure, filed

September 22, 2008.   No response is necessary from the Government.

  As was more fully recounted in this Court's Memorandum and Order

entered September 12, 2008, Petitioner was charged with conspiracy to

manufacture and possess with intent to distribute various quantities of

mixtures of methamphetamine, in violation of  21 U.S.C. §§ 841(a)(1) and

846.  **Bill of Indictment, filed April 4, 2006**.  On September 6, 2006,

Petitioner entered into a written plea agreement with the Government

wherein he agreed to plead guilty to the single charge set forth in the indictment. **Plea Agreement, filed September 6, 2006**.

On September 15, 2006, Petitioner appeared with counsel before the Magistrate Judge and formally entered his guilty plea. **Rule 11 Inquiry and Order of Acceptance of Plea, filed September 15, 2006**. At the conclusion of that proceeding, the Magistrate Judge found that Petitioner's guilty plea was knowingly and voluntarily entered and made with a full understanding of the charges, penalties and consequences of such plea. *Id.* **at 9**. Accordingly, the Magistrate Judge accepted Petitioner's guilty plea. *Id*.

On May 2, 2007, Petitioner appeared before the Court for a factual basis and sentencing hearing, during which he stipulated that there was a factual basis to support his guilty plea. **Transcript of Sentencing Hearing, filed September 8, 2008, at 2**. Ultimately, after considering all of the pertinent matters, the Court sentenced Petitioner to 125 months imprisonment. **Judgment in a Criminal Case, filed May 11, 2007**.

On March 18, 2008, the Government filed a motion to reduce Petitioner's sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure in consideration of his substantial assistance. **Amended**

**Rule 35 Motion, filed March 18, 2008**.  The Court granted that motion and reduced Petitioner's sentence from a term of 125 months to a term of 80 months imprisonment.  **Order, filed March 20, 2008**.

On May 1, 2008, Petitioner timely filed a motion to vacate under § 2255 seeking relief from his sentence.  Relevant to the instant motion, one of Petitioner's claims alleged that his attorney was ineffective for erroneously having advised him that he would receive a probationary sentence.  The undersigned dismissed Petitioner's motion on the grounds that he failed to demonstrate that he was entitled to any relief.  ***See* Memorandum and Order and Judgment, filed September 12, 2008.** Specifically with respect to his claim that counsel erroneously had advised him that he would receive a probationary sentence, the Court found that the record belied the claim in that it contains both Petitioner's sworn acknowledgment that his Plea Agreement exposed him to at least 10 years imprisonment, not a probationary sentence, and it contains his understanding that any sentencing estimate was a non-binding prediction. *Id*. **at 9-11.**  Therefore, Petitioner could not establish that he was prejudiced by trial counsel's alleged misrepresentation.  *Id*.

Now, Petitioner has returned on the instant motion for new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure. By his motion, Petitioner seeks to challenge the summary dismissal of his motion to vacate. Petitioner argues that even after he entered his guilty plea, trial counsel continued erroneously to advise Petitioner and others that Petitioner was facing "'very little time' at most and most likely would receive probation[.]" **Petitioner's Motion, at 1.** Petitioner further asserts that subsequent to his former attorney's representation of him, counsel's license to practice law was nearly suspended by the North Carolina Bar for misconduct in another case; and that the Magistrate Judge had expressed "serious concerns" regarding former counsel's joint representation of both Petitioner and Petitioner's co-Defendant/spouse.[1] Notwithstanding his apparent beliefs to the contrary, however, Petitioner's Rule 59 motion must be rejected.

The Fourth Circuit has recognized that a motion pursuant to Rule 59(e) – the only subsection which arguably could apply to Petitioner's motion – can be granted, "(1) to accommodate an intervening change in

---

[1] As a result of these concerns, the Magistrate Judge directed both Petitioner and his spouse to file waivers of their respective rights to conflict-free representation. *See* **Waiver of Right to Conflict-Free Representation, filed July 17, 2006.**

controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." ***Clapper v. Chesapeake Conference of Seventh-Day Adventists*, 166 F.3d 1208 (table), 1998 WL 904528, at \*5  (4th Cir. 1998) (quoting *Pacific Ins. Co. v. American Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)).** However,  a "Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment." ***Clapper, supra* (quoting 11 Wright, Miller and Kane, *Federal Practice and Procedure* § 2810.1, at 127-28 (2d ed. 1995)**).

In the instant case, none of the foregoing three grounds is apposite here since Petitioner has not cited an intervening change in the law, he does not assert that the proffered information was not available previously, and he does not claim that this Court made a clear error of law.  Therefore, on this basis, Petitioner's motion must be denied.

Alternatively, the Court rejects Petitioner's motion as a successive petition filed without authorization by the Fourth Circuit Court of Appeals.[2]

---

[2] The Court is aware that at least one circuit has concluded that Rule 59 motions are not subject to the statutory limitations on successive collateral attacks on criminal judgments.  ***See Curry v. United States*, 307**

That is, to the extent the Petitioner is raising new arguments or proffering

new evidence to challenge the Court's earlier dismissal of his motion to

vacate, the Court finds that it lacks jurisdiction to consider those matters.

Indeed, the Antiterrorism and Effective Death Penalty Act of 1996 places

limitations on prisoners' abilities to file post-judgment challenges to their

collateral proceedings. The Fourth Circuit has determined that motions

---

**F.3d 664 (7th Cir. 2002)**.  However, several other courts have reached the opposite conclusion.  **See United States v. Bovie, 28 F. App'x 734, 735 (10th Cir. 2001) ("We see no distinction between the Rule 60(b)(6) motions in those cases and the Rule 59(e) motion filed by Mr. Bovie here[]" for purposes of successive petition analysis); Peterson v. Brennan, 2004 WL 1505253, at *9 (E.D. Pa. 2004) (noting that both Rule 59(e) and Rule 60(b) trigger the AEDPA limitation on successive petitions); United States v. Culp, 2001 WL 789417 (D. Kan. 2001) (construing post-judgment Rule 59(e) motion as a second § 2255 petition under AEDPA); Bisaccia v. United States, 2000 WL 1677747, at *2 (E.D. N.Y. 2000) ("Rule 59 is no more available than Rule 60 as a vehicle for circumventing the statutory bar to successive § 2255 petitions."); Alley .v Bell, 101 F. Supp. 2d 588, 669 (W.D. Tenn. 2000) (where Rule 59 (e) motion reiterates claims previously rejected, its character places it within the category of cases proscribed by successive petition doctrine); United States v. Anderson, 1998 WL 512991 (E.D. La. 1998) (construing Rule 59(e) motion as a second § 2255 petition)**.  Indeed, the Fourth Circuit seems to have rejected a *per se* rule and instead requires courts to examine the substance of the particular motion to reconsider in order to determine whether it is the functional equivalent of a successive petition.  **United States v. Winestock, 340 F.3d 200, 206-07 (4th Cir. 2003) (holding that district court must examine motions to reconsider in collateral review cases to determine whether they are tantamount to successive petitions).**

directly attacking prisoners' convictions or sentences, no matter how captioned, are successive collateral review applications. ***United States v. Winestock***, 340 F.3d 200, 206 (4th Cir. 2003) (quoting ***Calderon v. Thompson***, 523 U.S. 538, 553 (1998)). As such, those motions must be denied "when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" ***Id.*** To put it another way, "a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment[,]" or one raising "new legal arguments" or proffering additional evidence, "will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence." ***Id.* at 207**. Consequently, such a claim would be subject to dismissal if not properly authorized in accordance with the provisions of 28 U.S.C. § 2244.[3]

In the present case, Petitioner's arguments assert additional information in support of his claim that counsel was ineffective for having

---

[3]Title 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

misrepresented Petitioner's sentencing exposure.  Such motion does not

seek a remedy for some alleged defect in this Court's collateral review

process.  In sum, therefore, Petitioner was required to secure pre-filing

authorization before raising such successive arguments and, in the

absence of that authorization, this Court lacks jurisdiction to consider them.

　　　　**IT IS, THEREFORE, ORDERED** that Petitioner's Rule 59 motion for

new trial is **DENIED**.

Signed: October 6, 2008

Lacy H. Thornburg
United States District Judge